The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 11, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: December 11, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-11224 |
| | ) | |
| MEGAN MARIE TETER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

On May 28, 2019, the U.S. Trustee moved to dismiss this Chapter 7 case for

abuse under 11 U.S.C. § 707(b).  On June 19, 2019, the Court set the matter for an

evidentiary hearing to be held on November 14, 2019.  On October 14, 2019, the

debtor timely moved for summary judgment.  The debtor contends that the

U.S. Trustee's motion must be denied because the debtor's debts are not primarily

consumer debts as defined in 11 U.S.C. §§ 101(8) and 707(b).  Rather, the debtor

asserts that her student loan debts are not consumer debts as a matter of law.  On

---

[1] This Opinion is not intended for official publication.

October 28, 2019, the Court postponed the evidentiary hearing to give the parties time to complete their summary judgment briefing and to give the Court time to decide the debtor's motion. For the reasons that follow, the debtor's motion for summary judgment is denied. The Court will issue a separate amended evidentiary hearing scheduling order setting a new date and related deadlines for an evidentiary hearing.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## BACKGROUND

Unless otherwise indicated, the following facts are undisputed. The debtor attended Ohio University from September 2004 to March 2005 and John Carroll University from September 2005 to May 2009. The debtor obtained a Bachelor of Arts in Communications and a Minor in Sociology from John Carroll University in May 2009.

The debtor filed for relief under Chapter 7 on March 7, 2019. The debtor's amended schedules included $98,278.05 in total liabilities, including two student

2

loan debts totaling $56,321.31. *See* Schedule E/F lines 4.12 and 4.13. The debtor

incurred the student loan debts to attend college and earn a college degree. The

debtor asserts that she obtained a college degree in order to qualify for a job with

the best salary she could obtain. If the entirety of the debtor's student loan debt

constitutes something other than consumer debt, then the debtor's debts are not

primarily consumer loan debts within the meaning of 11 U.S.C. §§101(8) and

707(b).

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy

proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court

"shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). Rule 56 was amended in 2010; however, "[t]he

commentary to Rule 56 cautions that the 2010 amendments were not intended to

effect a substantive change in the summary-judgment standard." *Newell*

*Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court

reviewing a motion for summary judgment cannot weigh the evidence or make

credibility determinations." *Ohio Citizen Action v. City of Englewood*,

671 F.3d 564, 569 (6th Cir. 2012) (citation omitted). "Instead, the evidence must

3

be viewed, and all reasonable inferences drawn, in the light most favorable to the

non-moving party." *Id.* at 570.

DISCUSSION

Under 11 U.S.C. § 101(8), the term "consumer debt" means "debt incurred

by an individual primarily for a personal, family, or household purpose."  Thus,

while it may benefit this particular debtor for her educational loans to be deemed

something other than "consumer debts," in other situations, debtors may benefit

from the same educational loans being deemed consumer debts.  *See, e.g.*,

11 U.S.C. § 1301 (Chapter 13 codebtor stay only applies to consumer debts) and

11 U.S.C. § 1322(b)(2) (Chapter 13 plan may treat claims for a consumer debt

differently than other unsecured claims if another individual is also liable on such

consumer debt).  The phrase "consumer debt" must have the same meaning

wherever it is used in Title 11 or in the Federal Rules of Bankruptcy Procedure.

*See* 11 U.S.C. § 101 ("In this title, the following sections shall apply . . .");

Fed. R. Bankr. P. 9001 (definitions in § 101 "govern their use in these rules").

There is conflicting case law as to whether student loan debt constitutes

"consumer debt" within the meaning of 11 U.S.C. § 101(8).  *See Palmer v. Laying*,

559 B.R. 746 (D. Colo. 2016) (the debtor's student loan debt was "a business

investment in himself," and therefore not consumer debt pursuant to the "profit

4

motive" test); *In re Stewart*, 215 B.R. 456 (B.A.P. 10th Cir. 1997) (student loans

are not consumer debts per se, and the primary purpose for which the debts were

incurred is determinative), *aff'd,* 175 F.3d 796 (10th Cir. 1999); *In re Ferreira*,

549 B.R. 232 (Bankr. E.D. Cal. 2016) (for student loans to be considered

nonconsumer debt, a Chapter 7 debtor must demonstrate that the debt was incurred

for an existing business or for current job advancement); *In re De Cunae*,

No. 12-37424, 2013 WL 6389205 (Bankr. S.D. Tex. Dec. 6, 2013) (student loans

are not consumer debt when used for "direct educational expenses with the intent

that the education received will enhance the borrower's ability to earn a future

living"); *In re Grenardo*, 2012 Bankr. LEXIS 6302 (Bankr. D. Colo. May 2, 2012)

(student loans are consumer debt when they "result in intangible benefits that are

assimilated to the debtor's person, thereby enhancing the debtor's personal

qualities" (citation omitted)); *In re Rucker*, 454 B.R. 554 (Bankr. M.D. Ga. 2011)

(student loan debt is neither consumer nor nonconsumer debt per se, and there

must be an individualized inquiry into the debt's purpose);  *In re Millikan*,

No. 07-01759-AJM-7, 2007 WL 6260855 (Bankr. S.D. Ind. Sept. 4, 2007)

(rejecting the "profit motive" test and finding that the debtor's student loans were

consumer debt).  Nor does there appear to be any binding precedent on point.

While the debtor relies on *IRS v. Westberry* from the Sixth Circuit,

5

*In re Westberry*, 215 F.3d 589 (6th Cir. 2000), that decision simply held that tax debt is not consumer debt because individuals do not incur tax obligations for a "personal, family, or household purpose." In other words, there is no dichotomy under *Westberry* where debts must either be "consumer debts" or "business debts." Some debts, such as taxes or a judgment from negligently operating a motor vehicle, may be neither. *In re Marshalek*, 158 B.R. 704 (Bankr. N.D. Ohio 1993). In addition, while the Sixth Circuit in *Westberry* appeared to endorse a "profit motive test" for determining whether certain debts are business debts, that endorsement is dicta because it was not a necessary part of the court's analysis of the tax debt at issue in *Westberry*.

While not controlling, the treasury regulations implementing Section 262 of the Internal Revenue Code of 1954 may perhaps serve as a useful framework. Under Section 262 of the Internal Revenue Code, a taxpayer may not deduct "personal, living, or family expenses." This language is close to the definition of "consumer debt" contained in the 1978 Bankruptcy Act—"debt incurred by an individual primarily for a personal, family, or household purpose." The treasury regulation governing deductibility of expenses for education, 26 C.F.R. 1.162–5, is apparently unchanged since 1967. It provides that educational expenditures in order to meet the minimum educational requirements for employment are generally

6

personal expenditures and are not deductible as ordinary and necessary business expenses. *See O'Connor v. Comm'r of Internal Revenue*, 653 F. App'x 633 (10th Cir. 2016) (IRS properly disallowed taxpayer's expenses for J.D. degree under 26 C.F.R. 1.162–5(b)(3) because they were incurred in connection with entering a new trade or business); *Marks v. Comm'r*, 390 F.2d 598, 599 (9th Cir. 1968) ("Educational expenses undertaken to qualify for a profession are deemed to be personal expenses and are nondeductible under [Section] 262 of the Internal Revenue Code of 1954. 26 C.F.R. 1.162–5(b)").

While the Court has yet to decide whether to employ this framework in the current case, this framework has the advantage of not relying on a debtor's subjective intent for obtaining a college degree. For example, imagine twins taking identical college courses. One wants to become a doctor to serve the underprivileged without regard to any financial gain. The other wants to become a doctor primarily for financial gain. Should only the first twin's student loans be consumer debts under Section 101(8) of the Bankruptcy Code? And what about the parents who cosign the student loans of their children? Are the loans that they cosign "consumer debts?" And what if the parents are primarily motivated by a hope that their children's financial success will enable their children to support them in the future?

7

At this stage, the Court is uncertain as to what is the best line of case law for analyzing whether the debtor's student loan debt constitutes "consumer debt." If the better approach is to find that the debtor incurred the debt to attend college and attempt to obtain a college degree, full stop. Then the debt will most likely qualify as a "consumer debt" because there are few things more personal than obtaining an education. Nor would there be any need to inquire as to a debtor's many reasons for obtaining that education. Under this approach, the debtor in the current case would not be entitled to summary judgment. Nor has the U.S. Trustee filed his own motion for summary judgment on this issue.

On the other hand, if the better approach is to inquire further as to why the debtor wanted to attend college and obtain a college degree, then the issue of summary judgment is a closer one. The record contains some evidence that the debtor wanted to obtain a college degree in order to qualify for a job with the best salary she could obtain. But at the summary judgment phase, the Court must construe the evidence in a light most favorable to the nonmoving party, and questions of intent may not be best suited for summary judgment. Rather, the Court has reason to believe, in the language of *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), "that the better course would be to proceed to a full trial." For example, it may turn out that the U.S. Trustee's 707(b) motion must be

8

denied even if the debtor's debts are "primarily consumer debts." In short, the Court believes that the better course is developing a complete record on all 707(b) issues, including whether the debtor's debts are "primarily consumer debts," especially if one or more of these issues is to be heard by a reviewing court.

The U.S. Trustee's request to strike various articles accompanying the debtor's motion for summary judgment is overruled as moot. While the government reports offered by the debtor may be admissible, there is no indication that the debtor relied on these reports in deciding whether to incur her student loan debt. Indeed, it appears that all of the reports were issued after the debtor had graduated and incurred all of the student loan debt in question.

CONCLUSION

The debtor's motion for summary judgment is denied. The Court will issue a separate amended evidentiary hearing scheduling order setting a new date and related deadlines for an evidentiary hearing.

IT IS SO ORDERED.

9